**Angelo P. DONDERO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1396.**

United States Court of Veterans Appeals.

Aug. 26, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On November 29, 1990, appellant filed a Notice of Appeal from a July 30, 1990, decision of the Board of Veterans' Appeals (Board) denying entitlement to an increased rating for service-connected residuals of a through-and-through gunshot wound of the right thigh with muscle damage, with retained foreign body, and with traumatic arthritis, a composite disability currently rated at 30% disabling. On May 14, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for remand, confessing that the Board had committed error in failing to consider and discuss adequately all of the governing rating criteria in the applicable regulations, 38 C.F.R. §§ 4.56(d), 4.72, 4.73, Diagnostic Code 5313 (1991), and failing to provide an adequate statement of the reasons or bases for its findings and conclusions, including the application of the benefit-of-the-doubt rule, 38 U.S.C. §§ 5107(b), 7104(d)(1) (formerly §§ 3007, 4004); 38 C.F.R. § 3.102 (1991). The Secretary further asserts that appellant's claim for special monthly compensation for loss of use of the right foot, which has been remanded to the Department of Veterans Affairs Regional Office for development and adjudication, is "inextricably intertwined" with the claim here on appeal, and that, therefore, on remand, the claims should be developed and reviewed together. On June 15, 1992, appellant filed a response to the Secretary's motion, stating that he has been pursuing his claim for an increased disability rating for three-and-a-half years and that he is now finding it more difficult to walk due to his disability.

Upon consideration of the record, appellant's brief, the Secretary's motion for remand, and appellant's response to that motion, it is

ORDERED that the Secretary's motion for remand is granted. The case is remanded to the Board for prompt compliance with all aspects of the Secretary's motion for remand, which is incorporated herein by reference. On remand, appellant will be free to submit additional evidence and argument, and the Secretary may carry out a new examination of appellant. The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, appellant shall notify the Clerk whether he desires to seek further review by the Court. It is further

ORDERED that the Secretary, not later than 90 days after the date of this order, advise the Court as to the status of the proceedings on remand.